ORIGINAL

# In the United States Court of Federal Claims

No. 18-51C

(Filed: April 18, 2018)

**(NOT TO BE PUBLISHED)**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|   |   |
|---|---|
| **FELICIA N. JONES,** | ) |
| **Plaintiff,** | ) |
| **v.** | ) |
| **UNITED STATES,** | ) |
| **Defendant.** | ) |

**FILED**

APR 18 2018

U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Felicia N. Jones, *pro se*, Houston, TX.

Reta E. Bezak, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With her on the briefs were Chad A. Readler, Acting Deputy Assistant Attorney General, Civil Division, Robert E. Kirschman, Jr., Director, and Claudia Burke, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

**OPINION AND ORDER**

LETTOW, Judge.

Plaintiff, Felicia Jones, has filed suit in this court seeking monetary relief against the United States, purportedly acting through the Social Security Administration, Internal Revenue Service ("IRS"), United States Postal Service, and several private banks. Compl. Attach. 2 ("Compl. Exs."), at 1, ECF No. 1-2.[1] Mrs. Jones does not explicitly indicate the legal grounds for her suit, but her complaint cites the Tucker Act's general jurisdictional provisions, a case regarding breach of contract and Takings Clause claims, a case regarding appellate review of libel and slander claims, various sections of Title 18 that authorize criminal sanctions for false statements and claims, a nonexistent portion of Title 38, which title addresses veterans' benefits, and a general statement of patent law. *See* Compl. at 2. Her complaint apparently seeks relief in the form of an order "[p]ro[cessing] payments [pursuant] to Federal Acquisition Regulation[s

---

[1]Because the Complaint and its attachments are not paginated, citations to these materials will be made to the particular sequential page of the document.

7017 1450 0000 1346 1000

]("FAR") 48 C.F.R. Subchapter Section 52-232-16[,] FAR[ ] 48 C.F.R. Subchapter Subsection 46.101[,] the Truth in Negotiations Act[,] and [on account of a] violation of [the] Procurement Integrity Act." Compl. at 3. Mrs. Jones appears to indicate that she filed suit because of a prior legal action, *see* Compl. at 2, and she has attached a series of documents on a number of topics to her complaint.

The materials appended to Mrs. Jones's complaint fall roughly into four categories: (1) documents outlining a dispute over the Social Security Administration's actions in recouping Social Security Benefits that were overpaid to Mrs. Jones's deceased spouse, *see* Compl. Exs. at 15-59; (2) documents outlining an unspecified class action against the IRS coupled with Mrs. Jones's 2011 tax return transcript, *see* Compl. Exs. at 62-78; (3) A number of scam e-mails requesting Mrs. Jones to wire a sum of money to the Benin Republic to secure delivery of large amounts of money, *see* Compl. Exs. at 79-86, 107-13; Pl.'s Mot. for Emergency Ruling at 3-7, ECF No. 11; and (4) a set of documents relating to Mrs. Jones's apparent attempts to deposit six novelty $1 trillion coins into her bank account, *see* Compl. Exs. at 88-106. These documents list various sums to which Mrs. Jones believes she is entitled, *see* Compl. Exs. at 16-18, 31, 61, 82, 88, 90, 93, 107, 110-12, and the cover sheet to her complaint reports an amount claimed of $6.5 trillion, *see* Compl. Attach. 1, at 1.

Pending before the court is the government's motion to dismiss Mrs. Jones's complaint pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"), *see generally* Def.'s Mot. to Dismiss ("Def.'s Mot."), ECF No. 8. Mrs. Jones has responded in opposition to defendant's motion. *See* Pl.'s Opp'n, ECF No. 9.

## STANDARDS FOR DECISION

As plaintiff, Mrs. Jones has the burden of establishing jurisdiction. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). When ruling on a motion to dismiss for lack of jurisdiction, the court must "accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff," *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)), but the leniency afforded to plaintiffs litigating *pro se* as to formalities does not extend to a lessening of jurisdictional requirements, *see Kelley v. Secretary, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed.Cir. 1987). "If a court lacks jurisdiction to decide the merits of a case, dismissal is required as a matter of law." *Gray v. United States*, 69 Fed. Cl. 95, 98 (2005) (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868); *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985)).

The Tucker Act provides this court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act does not, however, provide a plaintiff with any substantive rights. *United States v. Testan*, 424 U.S. 392, 398 (1976). To establish this court's jurisdiction under the Tucker Act, "a plaintiff must identify a separate source of substantive law that creates the right to money

damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part) (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *Testan*, 424 U.S. at 398).

## ANALYSIS

### A.  *Claims Against the Social Security Administration*

The first section of Mrs. Jones's complaint deals with an apparent recoupment of Social Security benefits on account of an overpayment to her deceased spouse during his life.  *See* Compl. Exs. at 17 (letter to the Social Security Administration in which Mrs. Jones asserts that "[t]hey stated that your late husband owed $5,419.00 but we have already determined that you are not responsible for the overpayment."); Compl. Exs. at 26 (letter from Social Security Administration to Mrs. Jones regarding their intention to recover the overpayment from the benefits payable to her). Mrs. Jones requested reconsideration of that latter decision, *see* Compl. Exs. at 28 (letter acknowledging receipt of Mrs. Jones's request for review), and she appears to allege that a determination was made in her favor as to the recoupment, *see* Compl. at 2 (asserting that in her "case concerning SSI[,] . . . they offered a settlement") (capitalization omitted); Compl. Exs. at 30 (in a letter to the Social Security Administration, Mrs. Jones writes "I am compelled to inform your office that I was given Innocent Spouse Relief. The letter [from your office] stated[,] . . . and I [quote, 'las we told [you] in our prior letter, you do not have to pay us back all the money.' I have enclosed the following documents that your office sent . . . .") (emphasis omitted).

Mrs. Jones' claims against the Social Security Administration are not within this court's jurisdiction. *See Brown v. United States*, 607 Fed. Appx. 983, 985 (Fed. Cir. 2015) (42 U.S.C. § 405 "specifies the exclusive mechanism for determining the right to Social Security benefits, and provides exclusive jurisdiction to the district courts over appeals from Social Security determinations denying benefits."); *Hester v. United States*, No. 17-1843, ___ Fed. Cl. ___, ___, 2018 WL 1282596, at *4 ("The Social Security Act states that [Social Security Administration] decisions may be reviewed exclusively by the federal district courts[; and] . . . [t]he Court of Federal Claims has no jurisdiction under the Tucker Act to hear claims over social security benefits."); *see also* Def.'s Mot. at 6 (citing *Marcus v. United States*, 909 F.2d 1470, 1474 (Fed. Cir. 1990)).  Accordingly, any claims in Mrs. Jones's complaint pertaining to the recoupment of social security benefits are beyond this court's jurisdiction, and these claims must be dismissed.

### B.  *Claims Against the Internal Revenue Service*

Another component of the exhibits appended to Mrs. Jones's complaint appears to take issue with an alleged communication she received from the IRS.  *See* Compl. Exs. at 61 (an e-mail from Mrs. Jones to herself as a "Statement of [t]he Claim and Precise Relief Sought," noting that "I received a statement stating that I made $99,510.00[ ]in earning[s] in 2025 [*sic*]. I never received that amount of money. The I.R.S. sent a letter stating they owe me [$]1 million dollars. Statement of the settlement offer from the I.R.S. [w]as $10.5 million dollars due in 'good faith' and [with no] delay to me.").  Perhaps clarifying this issue, Mrs. Jones attaches an IRS tax transcript reflecting her 2011 tax returns, which reported an income earned in that year

of $98,951.00, and a scam e-mail in which the sender writes, "[g]reetings from IRS USA[,] . . . . We[,] the Internal Revenue Service, believe[ ]that you received the previous message we sent you . . . regard[ing] . . . your over[d]ue contract payment consignment trunk box [sic] worth $10,500,000.00," and requests Mrs. Jones to wire $120.00 to secure its delivery. *See* Compl. Exs. at 77-80.

Mrs. Jones also attaches what appears to be a petition for a writ of certiorari to the United States Supreme Court in which Mrs. Jones argued that the United States Court of Appeals for the Fifth Circuit erred in affirming the dismissal of an unspecified class action. She avers that "[t]he Due Process Clause and the Rules Enabling Act require that [the] Commissioner of . . . Internal Revenue be provided the opportunity to assert its affirma[tive] defenses," and claims that the Fifth Circuit "improperly stripped [Mrs. Jones] of rights to assert defenses against individual class member[s] on settlement claims that the [IRS] did offer a settlement," citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011).  Compl. Exs. at 73 (section headings) (capitalization and emphasis omitted).

These materials, taken together with a data breach notification Mrs. Jones received from the United States Postal Service, *see* Compl. Exs. at 81, 83, may be an attempt to assert that the data breach led to the filing of a fraudulent tax return in her name, or, as defendant posits, an attempt to contest a determination of a tax deficiency, *see* Def.'s Mot. at 6 & n.4, or even that the scam e-mail was a settlement offer for some other, unspecified cause of action.

Regardless of the import of those materials, any inference she asks the court to draw from these documents is beyond the realm of reasonableness, and thus the court is not bound to draw it in her favor.  *See Trusted Integration*, 659 F.3d at 1163.  Although this court does have jurisdiction under The Tucker Act over claims for tax refunds, *see Hinck v. United States*, 64 Fed. Cl. 71, 75 (2005) (citing *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1007 (1967)), *aff'd*, 446 F.3d 1307 (Fed. Cir. 2006), *aff'd*, 550 U.S. 501 (2007), no reasonable inference can be drawn from Mrs. Jones's complaint that she has complied with the administrative and timeliness requirements Congress has placed on refund suits arising under the Internal Revenue Code.  *See Taha v. United States*, No. 17-1174, ___ Fed. Cl. ___, ___, 2018 WL 1725665, at ** 3-4 (Apr. 10, 2018) (citing 46 U.S.C. §§ 6511, 6532, 7422).  Further, to the extent Mrs. Jones is seeking to have this court review the actions of another federal court in dismissing her settlement contentions, "this court does not have jurisdiction over other federal courts or their employees." *See Treviño v. United States*, 113 Fed. Cl. 204, 208 (2013) (citing *Joshua v. United States*, 17 F.3d 378, 380 (Fed Cir. 1994)).

Finally, these claims also warrant dismissal under 28 U.S.C. § 1915.  Section 1915 provides that, for plaintiffs proceeding *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous [or] . . . fails to state a claim on which relief may be granted."  28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact.").

4

*C.   The Scam E-mails*

A further set of exhibits attached to Mrs. Jones's complaint addresses with various e-mails and documents from senders purporting to be representatives of the United States Postal Service, the IRS, Citibank, the United Nations, and Woodforest National Bank. *See* Compl. Exs. at 79-86, 107-13; Pl.'s Mot. for Emergency Ruling at 3-7. Mrs. Jones does not state why she feels those e-mails give rise to jurisdiction in this court, although it appears that she asserts that they are legally binding upon the cited entities. *See, e.g.,* Compl. Exs. at 107 (noting on a complaint form apparently produced by the Office of the Comptroller of the Currency, in response to a prompt to provide a description of her complaint, "I did receive a legal seal that is legitimate because I've sent this to the court in Brazoria County in Angelton, Texas and they considered it a legal document") (apparently referring to Compl. Exs. at 110-112 (purported fund transfer slips from Citibank and the United Nations containing various stamps and seals)); *see also* Pl.'s Opp'n at 10 (responding to another scam e-mail by stating, "I was informed about a check that is to be for me, but you [had] my information before, and I was told about spam, but you have a USPS logo on [your] letter making this a legal letter of notification.") (emphasis omitted).

To the extent Mrs. Jones seeks to assert claims against parties other than the United States, *i.e.,* the United Nations, Citibank, or Woodforest National Bank, those claims are not within this court's jurisdiction. *United States v. Sherwood,* 312 U.S. 584, 588 (1941) (The Court of Federal Claims's jurisdiction generally is "confined to the rendition of money judgments in suits brought for that relief against the United States . . . , and if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court."). If Mrs. Jones seeks to assert claims against the United States arising out of the scam e-mails purporting to be from the IRS or the United States Postal Service, those claims are frivolous within the meaning of Section 1915(e)(2)(B) because they lack any arguable basis in law or fact. *See Neitzke,* 490 U.S. at 325.

*D.   Mrs. Jones's Attempts to Deposit the Trillion Dollar Coins*

The last portion of Mrs. Jones's pleadings pertains to her apparent efforts to deposit six novelty $1 trillion coins into her bank account. *See* Compl. Exs. at 88-106. Correspondence appended to her complaint indicates that Mrs. Jones appears to have mailed a deposit slip and six novelty $1 trillion coins to her bank's business center for deposit into her account. *See* Compl. Exs. at 100. When she was contacted by a bank representative and informed that that amount would not be credited to her account, she submitted a complaint to the Federal Reserve's Consumer Help Center, *see* Compl. Exs. at 104, 107-109, which office forwarded her complaint to the Office of the Comptroller of the Currency's Customer Assistance Group, *see* Compl. Exs. at 91-92. Additionally, Mrs. Jones has submitted a scanned "Certificate of Authenticity" issued for one of the $1 trillion coins[2] and various online articles pertaining to the "Trillion Dollar

---

[2]The Merrick Mint, Inc. markets itself as "the leader in the design, marketing, promotion[,] and distribution of licensed and non-licensed colorized U.S. [c]oins." *See About Merrick Mint,* https://www.merrickmint.com/about-merrick-mint/ (last visited Apr. 17, 2018). For less than $10 each, Merrick Mint sells various commemorative coins, including the $1

Coin" that was the namesake for Mrs. Jones's novelty versions.  Compl. Exs. at 94-99; *see e.g., also,* Annie Lowery, *Treasury Won't Mint Coin to Defy Debt Ceiling,* N.Y. Times (Jan. 12, 2013), https://www.nytimes.com/2013/01/13/us/politics/treasury-will-not-mint-1-trillion-coin-to-raise-debt-ceiling.html.

This line of argument is also unavailing.  To the extent Mrs. Jones seeks damages against Woodforest National Bank or Merrick Mint, as noted above, this court lacks jurisdiction to hear those claiMrs.  *See Sherwood,* 312 U.S. at 588.  To the extent she asserts claims against the United States acting through the Office of the Comptroller of the Currency or the Federal Reserve, she fails to allege facts sufficient to give rise to a reasonable inference that her claims are within this court's jurisdiction, *see Trusted Integration, Inc.,* 659 F.3d at 1163, and these claims lack an arguable basis in fact or law, and accordingly are frivolous, *see* 28 U.S.C. § 1915(e)(2)(B).

Finally, while Mrs. Jones references 18 U.S.C. §§ 287, 1031, dealing with "false claims" and "major fraud allegations," respectively, *see* Compl. at 2, "[t]he Court [of Federal Claims] has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code," *Joshua,* 17 F.3d at 379.

In sum, Mrs. Jones has failed to identify a source of substantive law that creates the right to the damages she seeks here, *see Fisher,* 402 F.3d at 1172, her claims relate to subject matters and are against parties over which this court lacks jurisdiction, *see Brown,* 607 Fed. Appx. at 985; *Joshua,* 17 F.3d at 379, and her claims lack an arguable basis in law or fact, and are thus frivolous, *see* 28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

For the reasons stated, the government's motion to dismiss Mrs. Jones's complaint is GRANTED.[3]  The clerk shall enter judgment in accord with this disposition.

No costs.

It is so **ORDERED**.

_____
Charles F. Lettow
Judge

---

trillion coins Mrs. Jones attempted to deposit into her bank account. *See One Trillion Dollar Proof Coin,* https://www.merrickmint.com/one-trillion-dollar-proof-coin-platinum-plated-buy-1-get-1-free-bogo.html (last visited Apr. 17, 2018).

[3]Mrs. Jones's Motion for Emergency Ruling is DENIED.